## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Craig Persinger
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Samuel Trahan IV,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 8, 2015

Court of Appeals Case No.
27A02-1409-CR-629

Appeal from the Grant Superior
Court

The Honorable Dana J. Kenworthy,
Judge

Case No. 27D02-1403-CM-44

**Vaidik, Chief Judge.**

# Case Summary

[1] Despite a no-contact order, Samuel Trahan IV contacted the victim of his crimes numerous times while he was in jail awaiting trial. He pled guilty to

Class A misdemeanor invasion of privacy, and the trial court sentenced him to nine months executed in the Indiana Department of Correction. On appeal, he argues that his sentence is inappropriate. We find that the escalating severity of Trahan's crimes and the fact that lesser punishments have not deterred Trahan justifies his nine-month sentence. We therefore affirm.

# Facts and Procedural History

[2] In 2013 Trahan was charged with Class C felony battery resulting in bodily injury to a pregnant woman, Class D felony strangulation, Class D felony residential entry, and Class A misdemeanor criminal trespass in Case No. 27D02-1312-FC-92 ("Case No. 92"). PSI p. 5. At the initial hearing, the trial court issued a no-contact order that prohibited Trahan from contacting the victim of his crimes, his pregnant girlfriend Cindy Vanessa Medina. Tr. p. 23.

[3] In January 2014, while incarcerated at the Grant County Security Complex awaiting trial in Case No. 92, Trahan contacted Cindy approximately ten times using his sister, Asia Boff, as an intermediary. That is, Trahan called Asia, who then called Cindy using three-way calling. Some of the phone calls were about Trahan and Cindy's newborn son; however, in other phone calls Trahan asked Cindy to contact his lawyer in order to help him with his charges in Case No. 92.

[4] The State charged Trahan with Class A misdemeanor invasion of privacy for violating the no-contact order. Trahan pled guilty as charged without the

benefit of a plea agreement, and the trial court accepted Trahan's plea. Both Trahan and Cindy testified at the sentencing hearing. Cindy testified that she no longer wanted the no-contact order in place and that Trahan did not threaten or harass her during the calls. Trahan admitted violating the no-contact order but claimed that the majority of the calls were about his newborn son. He acknowledged that he asked Cindy to contact his attorney. *Id.* at 20. The court found three aggravators: (1) Trahan has a substantial criminal history, which the court described as "a strong aggravator"; (2) Trahan enlisted his sister, Asia, to violate the no-contact order, which subjected her to criminal charges and demonstrated his "selfish nature"; and (3) Trahan's "character and attitude indicate that [he] is not likely to follow orders of the Court, or rules of probation." Appellant's App. p. 40. The court found one mitigator:

> In the PSI, the probation officer has found that [Trahan] is likely to respond to short term incarceration or probation. However, based upon [Trahan's] pattern of behavior, character and attitudes, the Court finds this is a *weak* mitigating factor.

*Id.* Concluding that the aggravators outweighed the mitigators, the court sentenced Trahan to nine months executed in the DOC, to be served consecutive to his sentence in Case No. 92.[1] The court gave Trahan credit for 135 "actual" days he was incarcerated. *Id.* at 41.

---

[1] The trial court would have sentenced Trahan to a greater sentence in this case:

> The State's asking for nine months executed. Frankly, I would've given you more. I am giving you the benefit of pleading guilty to this case and taking responsibility and for that

[5]     Trahan now appeals his sentence.

# Discussion and Decision

[6]     Trahan contends that his nine-month sentence is inappropriate and asks us to reduce it to ninety days. *See* Appellant's Br. p. 6.

[7]     Our appellate rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8]     The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

---

reason, I will accept the State's recommendation and sentence you to nine months executed . . . .

Tr. p. 30.

[9]     Indiana Code section 35-50-3-2 provides that "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year[.]"  Here, the trial court sentenced Trahan to nine months.

[10]    Trahan contends the nature of the offense is "minor" because his violation of the no-contact order was "technical, given that the victim did not indicate that she felt threatened or that her privacy was compromised in a meaningful sense."  Appellant's Br. p. 5.  Although this case may not involve an egregious violation of a no-contact order, Trahan, while in jail awaiting trial on charges for harming his pregnant girlfriend, used his sister as an intermediary to contact Cindy approximately ten times.  In some of the calls, Trahan asked Cindy to contact his lawyer in order to help him with his charges in Case No. 92.

[11]    Trahan concedes that his character, as reflected by his criminal history, "indicates some difficulty in abiding by the law."  *Id.*  Trahan was twenty-four years old when he was sentenced in this case.  His PSI reflects the following convictions: misdemeanor minor consumption of alcohol (2011), misdemeanor possession of marijuana (2011), and misdemeanor possession of marijuana (2012).  In addition, in Case No. 92, Trahan pled guilty to Class C felony battery resulting in bodily injury to a pregnant woman, Class D felony strangulation, and Class A misdemeanor criminal trespass, and the trial court sentenced him to an aggregate term of four years, with two years suspended to probation.  Finally, Trahan was on probation when he violated the no-contact order in this case.  *See* Tr. p. 5.  The escalating severity of Trahan's crimes and the fact that lesser punishments have not deterred Trahan justifies his nine-

month sentence for violating the no-contact order by contacting the victim of his crimes while in jail awaiting trial.  We therefore affirm Trahan's sentence.

[12]    Affirmed.

Kirsch, J., and Bradford, J., concur.